KEB

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ector Ubieta Hernandez,<br><br>Petitioner,<br><br>v.<br><br>Eric Rokosky, *et al.*,<br><br>Respondents. | No.   CV-26-03788-PHX-JJT (MTM)<br><br><br>**ORDER** |

Self-represented Petitioner Ector Ubieta Hernandez filed a Petition for a Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 challenging his immigration detention.  The Court will dismiss Ground Five of the Petition and require Respondents to answer the remainder of the Petition

**I.      Previous Action**

Petitioner filed a previous petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his current immigration detention. *Hernandez v. Bondi, et al.*, CV-26-00004-PHX-JJT (MTM).  In a January 9, 2026 Order, the Court granted the petition and ordered Respondents to either release Petitioner or hold a bond redetermination hearing. *Id.* at Doc. 8.  Respondents filed a Notice of Compliance informing the Court that Petitioner's bond hearing had been scheduled for January 13, 2026. *Id.* at Doc. 10.

**II.      Current Petition**

In his current Petition, Petitioner alleges the following.  Petitioner has resided in the United States for 18 years.  He has no criminal history, has three children who are United

States citizens, and has substantial ties to the community. Petitioner was detained by Immigration and Customs Enforcement on November 17, 2025 while traveling to work and has remained in immigration custody since that time. Shortly before his detention, Petitioner sought emergency medical treatment due to chest pain, headaches, dizziness, gastrointestinal symptoms, and shortness of breath. His medical condition has worsened during detention. On January 13, 2026, pursuant to the Court's January 9, 2026 Order, Petitioner received a bond redetermination hearing, and the immigration judge (IJ) denied bond on the basis that Petitioner "represented a significant flight risk." (Doc. 1 at 11.) The IJ's decision "contained little or no meaningful factual explanation" to support the IJ's conclusion. (*Id.*) On February 25, 2026, the IJ granted voluntary departure, which Petitioner timely appealed to the Board of Immigration Appeals on March 27, 2026. The appeal remains pending. Petitioner also has a pending T-Visa application.

Petitioner raises six grounds for relief. In Ground One, he asserts his detention has become unreasonably prolonged in violation of the Due Process Clause of the Fifth Amendment. In Ground Two, he states that his January 13, 2026 bond redetermination hearing was procedurally inadequate and based on conclusory findings, in violation of his due process rights. In Ground Three, he asserts that his continued detention absent proof that he is a danger to the community or a significant flight risk is constitutionally impermissible, unlawful, and excessive. In Ground Four, he states that his continued detention while his administrative review is pending is unreasonable and unconstitutional. In Ground Five, he raises a claim related to the deterioration of his medical condition during his confinement. In Ground Six, he states that the continued duration of his detention, worsening medical concerns, pending T-Visa application, and ongoing administrative proceedings, constitute "materially changed circumstances" since his prior habeas relief "warranting renewed judicial review. He seeks release from custody.

. . .

. . .

. . .

- 2 -

## III.    Discussion

### A.    Ground Five

Petitioner's medical claim arises, if at all, under civil rights law, not habeas corpus law. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on the circumstances of confinement may be presented in a [civil rights] action.") (citation omitted).  The Court will therefore dismiss this claim. *See* Rule 4, foll. 28 U.S.C. § 2254; *see also Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions . . . are instructed to summarily dismiss claims that are clearly not cognizable.").

### B.    Grounds One, Two, Three, Four, and Six

Respondents must respond to Grounds One, Two,[1] Three, Four,[2] and Six of the Petition.  Any response must be supported by documentary evidence including, if applicable, affidavits signed under penalty of perjury by individuals with personal knowledge of the factual statements made therein.

## IV.    Warnings

### A.    Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion

---

[1] *See Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024) ("§ 1226(e) 'restricts jurisdiction only with respect to the executive's exercise of discretion' but that discretionary judgment does not include constitutional claims or questions of law." (citation omitted)).

[2] Following the Supreme Court's decision in *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018), which held there is no statutory right to periodic bond hearings for aliens mandatorily detained during the pendency of removal proceedings, the Ninth Circuit has not yet addressed whether such a right exists under the Constitution.  But both the Second and Third Circuits have addressed the issue and concluded such a right exists. *See Black v. Decker*, 103 F.4th 133 (2024); *Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020).  To the extent the Court determines Respondents may not mandatorily detain an individual indefinitely without a bond redetermination hearing, Respondents should address at what point detention becomes prolonged and what test the Court should employ to evaluate Petitioner's detention.

for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that she files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.    Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Ground Five of the Petition is **dismissed**.

(2)    The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(3)    The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(4)      Respondents must answer Grounds One, Two, Three, Four, and Six of the Petition within **20 days** of the date of service.  Respondents shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(5)      Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, shall be printed directly from CM/ECF." CM/ECF Admin. Man. § II(D)(3) (emphasis added).  *See* http://www.azd.uscourts.gov/ sites/default/files/documents/adm%20manual.pdf.

(6)      Petitioner may file a reply within **10 days** from the date of service of the answer.

Dated this 2nd day of June, 2026.

Honorable John J. Tuchi
United States District Judge

- 5 -